## Case No. 15,561.

### UNITED STATES v. LARKIN.

[4 Cranch, C. C. 617.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

CRIMINAL EVIDENCE — CONVERSATIONS — INDICTMENT—SURPLUSAGE.

1. Conversations of the defendant may be given in evidence against him, although not amounting to a confession of guilt, and not corroborated by other testimony; but the court will not say whether the evidence is sufficient to convict the prisoner.

2. Unnecessary words, not altering the nature of the charge, inserted in an indictment, by the grand jury, may be rejected as surplusage, after verdict.

Indictment for highway robbery of George Milburn.

Mr. Milburn, the witness, testified, upon the trial, that, when the prisoner [Dennis Larkin] was arrested and brought into the magistrate's office, and before he was informed for what he was arrested, the prisoner asked on what night it was. Being informed that it was on the night of the 17th of October, he said he could prove by his bedfellow, that he was not there. Milburn then stated to the prisoner all the circumstances of the robbery, as he had learned them from others, as well as from his own knowledge, until he was made insensible by the blow which knocked him down. To which the prisoner replied that Milburn had no witnesses but colored persons, and they were not good witnesses against a white man. The prisoner also trembled, and appeared to be much agitated by the witness's statement of the circumstances.

Mr. Hoban, for the prisoner, prayed the

[1] [Reported by Hon. William Cranch, Chief Judge.]

court to instruct the jury, that such evidence, without corroborating circumstances, is not evidence against the prisoner. He cited Wheeler's Digest, which refers to a case decided in North Carolina.

But THE COURT (THRUSTON, Circuit Judge, absent) refused so to instruct the jury, and referred to the note to the same case in Wheeler, and to 4 Starkie, 48, 53.

The jury having found the prisoner guilty, his counsel moved, in arrest of judgment, because the indictment, which has only one count, charges two distinct offences, subject to different punishment, namely: highway robbery, and an assault and battery, with intent to kill; the first being punishable under the sixth section of the penitentiary act [4 Stat. 448], by imprisonment and labor in the penitentiary for a period of not less than three nor more than seven years; and the other under the second section, of not less than two nor more than eight years.

The indictment, as sent to the grand jury, by the district attorney, was a simple indictment, in common form, for highway robbery; the grand jury, however, interlined the words, "and battery, with intent, him, the said Milburn, to kill," and also the words. "did beat and wound," so as to make it read thus: "With force and arms, at the county aforesaid, in the common highway, there, in, and upon one George Milburn, in the peace of God and of the United States, then and there being, feloniously did make an assault and battery, with intent, him, the said Milburn, to kill, and him, the said George Milburn, did beat and wound, in bodily fear and danger of his life, in the highway aforesaid, then and there feloniously did put; and bank-notes of the value of three hundred dollars; and silver coins of the value of one dollar and fifty cents; and a gold watch and seal of the value of one hundred and seventy-five dollars; and one pencil-case of the value of one dollar; and one penknife of the value of seventy-five cents, the money and property of the said George Milburn, from the person and against the will of the said George Milburn, in the highway aforesaid, then and there feloniously and violently did steal, take and carry away. against the peace and government of the United States, and against the form of the statute, in such case made and provided."

The attorney for the United States cited 1 Chit. Cr. Law. 254, 255; Com. v. Gillespie, 7 Serg. & R. 469; Stoops v. Com., Id. 491; and Harman v. Com., 12 Serg. & R. 69.

THE COURT (nem. con.) overruled the motion, being of opinion that the assault and battery were included in and made a part of the offence of robbery, as much as the stealing. taking, and carrying away of the money, watch, &c., which are also charged; and therefore, although the words. "with intent to kill," are added, they are merely stated as words of aggravation. and may be rejected as surplusage; so that the count does not charge more than a single offence. See Young v. Rex, 3 Term R. 98, 103, 106, 107; 1 Chit. Cr. Law, 231 (b), 248, 249; and Rex v. Fuller, 1 Bos. & Pul. 180.

The prisoner was sentenced to the penitentiary for six years.